UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA LEE RACKHAM,<br><br>               Plaintiff,<br><br>v.<br><br>STATE OF IDAHO and SHANE NOPE,<br><br>               Defendants. | Case No. 1:24-cv-00170-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Joshua Lee Rackham's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.   **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense, is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

2. **Factual Allegations**

Plaintiff is an inmate currently held in the Twin Falls County Jail. Plaintiff sues the State of Idaho and prosecutor Shane Nope, claiming monetary damages in relation to an allegedly unlawful conviction.

Plaintiff asserts that he was convicted of state criminal charges even though the State "[d]id not provide enough evidence to … prove guilt beyond a reasonable doubt." *Compl*.,

Dkt. 3, at 2. Additionally, Prosecutor Nope allegedly "lied to the jury … during his closing statement." *Id*.

3. **Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

A. *Standards of Law*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. He also asserts claims under 42 U.S.C. §§ 1985 and 1986, which deal with conspiracies to deprive a person of civil rights. *Compl*. at 1.

To state a plausible civil rights claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To state a claim under Section 1985(2) or (3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions.[2] *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus).

---

[2] Subsection (1) of 42 U.S.C. § 1985 does not apply, because that section prohibits conspiracies to prevent a federal officer from performing his or her duties. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981) ("[Section 1985's] protections extend exclusively to the benefit of federal officers.").

Section 1986 provides that persons who negligently fail to prevent a wrongful conspiracy as described in § 1985 may be liable to the party injured. A prerequisite to stating a § 1986 claim is stating a § 1985 claim. *McCalden v. California Library Association*, 955 F.2d 1214, 1223 (9th Cir. 1990).

### B. *The Complaint Fails to State a Claim upon Which Relief May Be Granted*

For the reasons that follow, Plaintiff's Complaint appears subject to dismissal for failure to state a claim for relief.

### i. Plaintiff's Claims Appear Barred by *Heck v. Humphrey*

As an initial matter, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), likely applies to prohibit Plaintiff from pursuing his instant civil rights claims, in which he challenges his criminal conviction. In *Heck*, the Court held that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success on the claim would "render a conviction or sentence invalid." *Id*. at 486–87. That is, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

Because Plaintiff challenges the proceedings that evidently lead to his incarceration, his claims are likely *Heck*-barred. If Plaintiff files an amended complaint, he must set forth how the alleged constitutional violations relate to his current incarceration. If Plaintiff believes that his claims, if successful, would *not* imply the invalidity of his conviction, he must set forth detailed allegations regarding that conviction and explain his position.

      ii.      Even if Plaintiff's Claims Are Not *Heck*-Barred, the Complaint Still Does Not Allege a Plausible Claim

In addition to *Heck*, two other legal doctrines are implicated by Plaintiff's claims. First, he sues the State of Idaho. However, in *Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890), the United States Supreme Court held that the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state. The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff should omit the State of Idaho from any amended complaint.

Second, Plaintiff's claims against Prosecutor Nope likely fail because Nope is immune from suit. Prosecutors have absolute immunity for any actions taken in the performance of an integral part of the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such actions include initiating and pursuing a criminal prosecution, *id.* at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), participating in hearings, and "making false or defamatory statements in judicial proceedings," *Burns v. Reed*, 500 U.S. 478, 490 (1991).

Plaintiff alleges that Nope lied in his closing statement in Plaintiff's criminal case. Presenting closing argument to the jury is undoubtedly an integral part of the criminal judicial process. Thus, unless Plaintiff can show that Prosecutor Nope is not entitled to immunity, he should omit that Defendant from any amended complaint.

**4.      Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory

provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing his claims are not barred by *Heck v. Humphrey*, the Eleventh Amendment, or the doctrine of prosecutorial immunity.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: May 21, 2024

_____
David C. Nye
Chief U.S. District Court Judge